**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TYSHEEM CROCKER,** | : |
| | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-03-1718 |
| v. | : |
| | : (CHIEF JUDGE VANASKIE) |
| **EDWARD J. KLEM,** | : |
| | : |
| Respondent. | : |

**M E M O R A N D U M**

**I.    Introduction.**

On September 9, 2003, Tysheem Crocker, an inmate housed at the Frackville State Correctional Institution, Frackville, Pennsylvania, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254. (Dkt. Entry 1.) This Court stayed these proceedings pursuant to Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), pending final disposition of Petitioner's appeals in state court. (See Dkt. Entry 5.) The stay was lifted on February 2, 2005, and Respondent was directed to reply to the *pro se* petition. (Dkt. Entry 12.) After an enlargement of time to respond to the Petition, Respondent filed a Response to the Petition for Habeas Corpus and several volumes of attendant exhibits. (Dkt. Entries 18 - 20.) A month after Crocker filed a timely Traverse to the response, he filed a one page Motion for

Appointment of Counsel. (Dkt. Entry 25.) Crocker's motion is based on his indigent status, the asserted meritorious nature of his claims, and their factual complexity. For the following reasons, Crocker's motion for appointment of counsel will be denied.

**II.     Discussion.**

There is no constitutional or statutory right to the appointment of counsel in federal habeas corpus proceedings. See Coleman v. Thompson, 501 U.S. 722, 725 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. See Rule 8(c) of the Rules Governing Section 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B). Otherwise, a court may appoint counsel to represent a habeas petitioner if it "determines that the interests of justice so require" and that the petitioner is financially unable to obtain adequate representation. 18 U.S.C. § 3006A(a)(2).[1] Other factors a court must consider when making a decision regarding the appointment of counsel to represent a prisoner in a habeas action are whether a petitioner has made a colorable claim but lacks the means to adequately investigate, prepare, or present the claim. Reese v. Fulcomer, 946 F.2d 247, 264-265 (3d Cir. 1991). The initial determination to be made by the Court in

---

[1] Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such personal is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. Montgomery v. Pinchak, 294 F. 3d 492, 499 (3d Cir. 2002).

In this case, appointment of counsel is not warranted at this time. Crocker filed his Traverse to the response a month prior to seeking counsel. His Traverse, like his other submissions, is well organized, clearly presented and contains appropriate arguments complete with legal citations. The petition is ripe for review. Given the requisite liberal construction afforded *pro se* pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Crocker's apparent ability to present an extensive well drafted petition and supplemental memoranda in support of his petition, the appointment of counsel at this time is not warranted. Petitioner's motion for appointment of counsel will therefore be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by the Petitioner.

s/ **Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYSHEEM CROCKER,** | : |
| | : |
| **Petitioner,** | : |
| | :   CIVIL NO. 3:CV-03-1718 |
| v. | : |
| | :   (CHIEF JUDGE VANASKIE) |
| **EDWARD J. KLEM,** | : |
| | : |
| **Respondent.** | : |

### O R D E R

**AND NOW,** this **20th** day of **March, 2006**, for the reasons set forth in the foregoing memorandum, it is hereby ordered that Crocker's Motion for Appointment of Counsel (Dkt. Entry 25) is **DENIED WITHOUT PREJUDICE.**

s/ **Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania
